UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDRICK ANDREW MORRIS,

     Plaintiff,

v.                Case No. 24-cv-1465-pp

JONATHON DAUSEY, *et al.*,

     Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Plaintiff Fredrick Andrew Morris, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On January 14, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $14.05. Dkt. No. 11. The court received that fee on January 22, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued Officer Jonathon Dausey, Nurse Mathew Kuzma and Karmin Vandenbush. Dkt. No. 1 at 1. He alleges that on July 27, 2024 at 3:30 p.m., Dausey was doing medication pass when the plaintiff told Dausey that the plaintiff needed to be placed on observation. Id. at 2. The plaintiff states that Dausey did not ask why the plaintiff needed to be placed on observation; he just walked to the other side of the gallery and said he would let the sergeant know. Id. The plaintiff allegedly attempted to notify Dausey of his intentions to self-harm by inserting half a toothbrush into his penis. Id. The

plaintiff states that he stopped a non-defendant sergeant who was doing rounds and the plaintiff was pulled out of his cell. Id.

The plaintiff states that on that same day—July 27, 2024—he was taken to be seen by Kuzma, but Kuzma could not get the toothbrush out. Id. The plaintiff alleges that the next day, he was seen about the toothbrush in his penis, but that "she" could not get it out. Id. (Presumably the plaintiff was seen by Vandenbush on July 28, 2024.) The plaintiff states that

"neither RN even did an exam about the half toothbrush that [he] inserted in [his] penis." Id. at 2-3. The plaintiff alleges that on July 29, 2024, a non-defendant nurse removed the half toothbrush from his penis, which alleviated his pain. Id. at 3.

The plaintiff states that he has suffered physical and mental injuries, pain, depression, anxiety attacks, stress and loss of capacity for enjoyment of life. Id. He says that he has a history of self-harm and suicide attempts, and that he suffers from schizophrenia, depression and anxiety disorders. Id.

The plaintiff claims that Dausey placed him at risk for harm when Dausey walked away from him. Id. He states that instead of allowing the plaintiff to self-harm by walking away, Dausey should have radioed to the sergeant that the plaintiff was suicidal and requested to be placed on observation. Id.

The plaintiff claims that the defendants violated his constitutional rights. Id. He also claims that their actions amounted to abuse of process, negligence

4

and intentional infliction of emotional distress in violation of Wisconsin state law. Id.

    C.    <u>Analysis</u>

Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation if deliberate indifference by prison officials to an incarcerated individual's welfare effectively condones the harm by allowing it to happen. <u>Eagen v. Dempsey</u>, 987 F.3d 667, 693-94 (7th Cir. 2021) (citations omitted). To state a claim under the Eighth Amendment, the plaintiff must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." <u>Lord v. Beahm</u>, 952 F.3d 902, 904 (7th Cir. 2020) (citing <u>Petties v. Carter</u>, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." See <u>Roe v. Elyea</u>, 631 F.3d 843, 857 (7th Cir. 2011). "All agree that suicide is an objectively serious medical condition … [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." <u>Lord</u>, 952 F.3d at 904 (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)). Regarding the second prong, a defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." <u>Petties</u>, 836 F.3d at 728. "This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" <u>Lisle</u>, 933 F.3d at 716-17 (quoting <u>Matos v. O'Sullivan</u>, 335 F.3d 553, 557 (7th Cir. 2003)).

The plaintiff has not stated a claim against defendant Dausey because he alleges that when he told Dausey that he needed to be placed on observation, Dausey said he would tell a sergeant. The plaintiff has not alleged that he told Dausey that he was going to harm himself at that moment. He has not stated a plausible claim against Dausey. Likewise, the plaintiff's allegations against Kuzma and Vandenbush do not amount to a constitutional violation. He alleges only that they tried to, but could not, remove the toothbrush from his penis. The next day, another nurse was able to do it, and the plaintiff says this alleviated his pain.

The plaintiff has not stated a claim for a violation of his constitutional rights. The court will give the plaintiff an opportunity to file an amended complaint.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be

complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by **August 8, 2025**. If the court receives an amended complaint by the end of the day on August 8, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the August 8, 2025 deadline, the court will

7

Case 2:24-cv-01465-PP   Filed 07/16/25   Page 7 of 9   Document 17

dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$335.95** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:24-cv-01465-PP   Filed 07/16/25   Page 9 of 9   Document 17