UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK ANDREW MORRIS,

               Plaintiff,

v.                                 Case No. 24-cv-1465-pp

DANIEL CUSHING and TONIA ROZMARYNOSKI,

               Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 17) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      Plaintiff Fredrick Andrew Morris, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 17 at 7. The court gave the plaintiff an opportunity to file an amended complaint. Id. The plaintiff did so, dkt. no. 18; this order screens the amended complaint and dismisses it.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

      Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Amended Complaint

The plaintiff alleges that on July 8, 2021, while he was on a hunger strike and too weak to do anything, defendant Daniel Cushing opened the bottom trap door to the plaintiff's cell where the plaintiff lay unconscious and sprayed him in the face with "Mark 30." Dkt. No. 18 at 2. Defendants Cushing and Rozmarynoski allegedly had a "suit up team" enter the plaintiff's cell and check him for signs of life. Id. The plaintiff states that he was taken to the health services unit in a wheelchair, and that his skin was burned. Id. He alleges that he is "seriously mentally ill" and that he has been diagnosed as schizophrenic. Id. For relief, the plaintiff seeks monetary damages and injunctive relief. id. at 4.

C. Analysis

The allegations in the plaintiff's amended complaint involve an incident that allegedly took place over three years before the events described in the plaintiff's original complaint. In his original complaint, the plaintiff alleged that on July 27, 2024, he told Officer Dausey that he needed to be placed on observation, and that Dausey said he would tell a sergeant. Dkt. No. 1 at 2. The plaintiff then allegedly inserted a half a toothbrush into his penis. Id. He also says that later that day, Nurse Kuzma could not get the toothbrush out, and the next day, Nurse Vandenbrush also could not get it out. Id. at 2-3. At screening, the court determined that the plaintiff did not state a claim against

3

Dausey because the plaintiff alleged that when he told Dausey that he needed to be placed on observation, Dausey said he would tell a sergeant. Dkt. No. 17 at 6. The court reasoned that the plaintiff did not allege that he told Dausey that he was going to harm himself at that moment. Id. Regarding Kuzma and Vandenbush, the court determined that the plaintiff's allegations did not amount to an allegation of a constitutional violation because he alleged only that they tried, but could not, remove the toothbrush from his penis and that another nurse later succeeded in removing it. Id.

The allegations in the plaintiff's amended complaint do not relate to the incident described in the original complaint that the court gave him leave to amend. Along with his amended complaint, the plaintiff filed a cover letter stating that in another case, he previously had tried to bring the claim described in his amended complaint, but that the court in the other case told the plaintiff that he had to file a new case if he wanted to bring the claim. Dkt. No. 18-1. The plaintiff's letter asks the court to either accept his amended complaint or dismiss the case with prejudice. Id.

The court gave the plaintiff an opportunity to file an amended complaint regarding the claim described in the original complaint. The amended complaint does meet this requirement. The court will dismiss this case with prejudice. The plaintiff remains free to bring the claim described in his amended complaint, but if he wants to do that, he must file a new case.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**